IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANISHA JOHNSON** | : | **CIVIL ACTION** |
| *Plaintiff - pro se* | : | |
| | : | **NO. 16-1497** |
| **v.** | : | |
| | : | |
| **WELTMAN, WEINBERG & REIS** | : | |
| **COMPANY, L.P.A.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        FEBRUARY 22, 2017

# MEMORANDUM OPINION

## INTRODUCTION

Presently before this Court is a *motion to dismiss Plaintiff's complaint* filed by Defendant Weltman, Weinberg & Reis Company, L.P.A. ("Defendant"), [ECF 12], premised on *pro se* Plaintiff Anisha Johnson's ("Plaintiff") failure to prosecute this action and her repeated failures to comply with this Court's Orders. In light of the procedural posture of this case and after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), for the reasons stated, this matter is dismissed.

## BACKGROUND

On March 30, 2016, Plaintiff filed an application to proceed *in forma pauperis*, (the "IFP application") and a complaint against Defendant essentially charging Defendant with illegal conduct stemming from a collection practice. [ECF 1]. The IFP application was granted by Order dated April 6, 2016, [ECF 2], and Plaintiff's complaint was docketed. [ECF 3]. On June 30, 2016, Defendant filed its answer. [ECF 6]. By Order dated July 1, 2016, this Court scheduled a preliminary pretrial conference for December 14, 2016, and directed the parties to prepare and file a joint Rule 26(f) report prior to the scheduled pretrial conference. [ECF 7]. On

December 12, 2016, Defendant filed its Rule 26(f) report, and advised the Court, *inter alia*, of Defendant's unsuccessful attempts to confer with Plaintiff in order to conduct the requisite Rule 26(f) meeting. [ECF 8].

On December 14, 2016, this Court held the scheduled pretrial conference, which was attended by counsel for Defendant but not by Plaintiff. [ECF 10]. As a result of Plaintiff's failure to attend the pretrial conference, this Court issued a *Rule to Show Cause Order*, [ECF 11], which directed Plaintiff to show cause, by December 30, 2016, why this matter should not be dismissed for her failure to comply with this Court's previous Order and appear for the pretrial conference. The Order also advised that Plaintiff's failure to comply "may result in the dismissal of this action." Plaintiff has not responded in any way to this Court's Order. On January 30, 2017, Defendant filed the underlying motion to dismiss the complaint based on Plaintiff's failure to prosecute.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila.*, 74 F.3d 1311, 1330 (3d Cir. 1995). Because of the extreme nature of this type of sanction, the Third Circuit Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), instructed district courts to apply a six-factor balancing test to determine whether the entry of such a dismissal order is appropriate. *Id*. at 867-68.

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of

dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. *Id.* at 868. However, not all of the factors need weigh in favor of entering the dismissal order against a plaintiff nor need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). A decision to enter a dismissal order is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

Relying on the case law cited, this Court will review and balance the *Poulis* factors to determine whether Defendant's motion to dismiss is warranted. Therefore, each *Poulis* factor will be briefly addressed and weighed.

### *1. Extent of Plaintiff's Responsibility*

Plaintiff is proceeding *pro se* in this matter. There is no indication that she has not received this Court's previous Orders and admonishment. Further, more than 30 days have elapsed since the filing of the Rule to Show Cause Order. This passage of time is more than sufficient for Plaintiff to have responded to the Court's Orders. Thus, she alone is responsible for her failure to comply with this Court's Orders. *See Briscoe*, 538 F.3d at 258. Since her failures to comply with this Court's Orders cannot be attributed to counsel or another party, this factor weighs in favor of dismissal.

### *2. Prejudice to Defendant*

Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to defend against a case and/or prepare for trial. *Ware v. Roadle Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003).  Here, Plaintiff's failure to confer with Defendant prior to the scheduled preliminary pretrial conference, as required by this Court's July 1, 2016 Order, her failure to attend the preliminary pretrial conference, her failure to respond to this Court's Rule to Show Cause Order, and her failure to respond to Defendant's motion to dismiss have prevented Defendant from obtaining relief in any way other than by dismissal of this action.  Under the circumstances, this factor weighs in favor of dismissal.

### *3. Plaintiff's History of Dilatoriness*

Plaintiff's dilatoriness is evidenced by her failure to comply with this Court's July 1, 2016 Order, her failure to attend the preliminary pretrial conference, her failure to respond to this Court's December 14, 2016 Rule to Show Cause Order, and her failure to respond to Defendant's motion to dismiss.  Notably, Plaintiff was advised that her case may be dismissed if she did not respond to the Rule to Show Cause Order.  Indeed, Plaintiff has done nothing in this case since she sought leave to proceed *in forma pauperis* on March 30, 2016, that would evidence any desire on her part to continue to pursue this action.  This factor, therefore, weighs in favor of dismissal.

### *4. Willfulness and Bad Faith Conduct*

"Willfulness and bad faith can be inferred from the totality of the record."  *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008).  The Third Circuit has held that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005).  Plaintiff's repeated failure to

4

comply with this Court's Orders without any offered justification evidences willfulness. Thus, this factor weighs in favor of dismissal.

### 5. *Effectiveness of Sanctions other than Dismissal*

Plaintiff's inaction since March 30, 2016, and her repeated failures to comply with this Court's Orders have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. It appears Plaintiff has simply ignored this Court's Orders, including the most recent which specifically advised her that failure to respond may result in dismissal of the action; or has simply lost interest in this matter. In the absence of any mitigating circumstances or offered justification for her repeated failures, Plaintiff's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of dismissal.

### 6. *Meritoriousness of Plaintiff's Claim*

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given the lack of any discovery to date, and Plaintiff's failure to respond to this Court's Rule to Show Cause Order or to Defendants' motion to dismiss, it is difficult to assess the merits of her claims. This Court, therefore, finds this factor neutral. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors collectively weigh in favor of dismissal. As such, Plaintiff's claims are dismissed for failure to prosecute. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.

5